**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BRYAN ISRAEL P. R.,

Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security, in her official capacity*; PAMELA BONDI, *Attorney General of the United States, in her official capacity*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement, in his official capacity*; and DAVID EASTERWOOD,[1] *Acting Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*,

Respondents.

Case No. 26-cv-1213 (LMP/SGE)

**ORDER**

---

Petitioner Bryan Israel P. R. is an Ecuadorian national who has been physically present in the United States since entering in October 2022. ECF No. 1 at 4, 6. Upon entering the United States, he was briefly detained by immigration authorities before being released on an order of supervision. *Id.* at 6. Since he has been present in the United States,

---

1 Petitioner Bryan Israel P. R. names Peter Berg as the St. Paul Field Office Director for Immigration and Customs Enforcement. To the best of the Court's knowledge, David Easterwood currently serves in that role as the Acting Field Office Director. Accordingly, Easterwood is substituted for Berg pursuant to Federal Rule of Civil Procedure 25(d).

Bryan Israel P. R. has submitted an application for asylum, which remains pending, and he has no criminal history. *See id.* at 1–2, 6–7.

Bryan Israel P. R. was arrested by immigration officials in Minnesota today, February 8, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* at 4. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). *See id.* at 8, 13. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), and that the Government has not presented a warrant that justifies his arrest or detention. *See id.* at 8, 13. Bryan Israel P. R. filed a petitioner for a writ of habeas corpus challenging his detention, ECF No. 1, and a motion for a temporary restraining order seeking to enjoin the Government from moving him outside the District of Minnesota during the pendency of these proceedings, ECF No. 3.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Bryan Israel P. R. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant

issued by the Attorney General"). Bryan Israel P. R. raises the same legal issues and largely requests the same relief granted in those cases, namely: (1) an order requiring his immediate release from custody if the Government fails to present an administrative warrant justifying his arrest and detention; or (2) if a warrant is presented, an order requiring the Government to conduct a bond hearing. *See* ECF No. 1 at 15–16.

This Court will not depart from its reasoning in its prior decisions. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Bryan Israel P. R.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Wednesday, February 11, 2026, certifying the true cause and proper duration of Bryan Israel P. R.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Bryan Israel P. R.'s detention in light of the issues raised in his Petition;

    b. A reasoned memorandum of law and fact explaining the Government's legal position on Bryan Israel P. R.'s claims;

    c. A good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*; and

d. The Government's recommendation on whether an evidentiary hearing should be conducted;

3. If Bryan Israel P. R. intends to file a reply to the Government's answer, he must do so on or before Friday, February 13, 2026;[2]

4. No further submissions from the parties will be permitted except as authorized by Court order;

5. Bryan Israel P. R.'s Motion for a Temporary Restraining Order (ECF No. 3) is **GRANTED** as follows:

a. The Government is **ORDERED** not to move Bryan Israel P. R. outside of the District of Minnesota during the pendency of these proceedings, so that Bryan Israel P. R. may consult with his counsel and participate in this litigation while the Court considers his Petition; and

b. If Bryan Israel P. R. has been moved or is in the process of being moved outside of Minnesota as of the time this Order is entered, Respondents are **ORDERED** to return him immediately to Minnesota; and

6. The Clerk of Court is directed to substitute David Easterwood, Acting Field Office Director of Enforcement and Removal Operations, St. Paul Field

---

[2] The Court reserves the right to grant the Petition before Bryan Israel P. R. files his reply brief if the Government's answer plainly demonstrates that Bryan Israel P. R. is entitled to relief.

Office, Immigration and Customs Enforcement, in his official capacity, as a party in place of Peter Berg.

Dated: February 8, 2026
Time: 12:17 p.m.

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge