**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BRYAN ISRAEL P. R.,

Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security, in her official capacity*; PAMELA BONDI, *Attorney General of the United States, in her official capacity*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement, in his official capacity*; and DAVID EASTERWOOD, *Acting Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*,

Respondents.

Case No. 26-cv-1213 (LMP/SGE)

**ORDER GRANTING HABEAS PETITION**

---

John Ogden Arnold, **Robichaud, Schroepfer & Correia, P.A., Golden Valley, MN**, for Petitioner.

David W. Fuller and Friedrich A. P. Siekert, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Bryan Israel P. R. is an Ecuadorian national who has resided in the United States since October 2022. ECF No. 1 at 4, 6. Upon entering the United States, he was briefly detained by immigration authorities before being released on an order of supervision. *Id.* at 6. Since he has been in the United States, Bryan Israel P. R. has

submitted an application for asylum, which remains pending, and he has no criminal history. *See id.* at 1–2, 6–7.

Bryan Israel P. R. was arrested by immigration officials in Minnesota on February 8, 2026, and remains in the custody of United States Immigration and Customs Enforcement ("ICE"). *Id.* at 4. That same morning, he filed a petition for a writ of habeas corpus challenging his detention. *See generally id.* In his petition, Bryan Israel P. R. asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). *See id.* at 8, 13. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), and that the Government has not presented a warrant that justifies his arrest or detention. *See id.* at 8, 13. Bryan Israel P. R. concurrently filed a motion for a temporary restraining order ("TRO") seeking to enjoin the Government from moving him outside the District of Minnesota during the pendency of these proceedings, ECF No. 3. At 12:17 p.m. that day, the Court entered an order granting Bryan Israel P. R.'s motion for a TRO, enjoining the Government from moving him outside this District, and ordering the Government to "return him immediately to Minesota" if he "ha[d] been moved or [was] in the process of being moved outside of Minnesota" as of the time that order was entered. ECF No. 4 at 4.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Bryan Israel P. R. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074,

at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Bryan Israel P. R.'s petition by February 11, 2026, "certifying the true cause and proper duration of Bryan Israel P. R.'s confinement," including a "reasoned memorandum of law and fact explaining the Government's legal position on Bryan Israel P. R.'s claims" and a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 4 at 3–4.

The Government timely responded and concedes that Bryan Israel P. R.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 7. Nevertheless, the Government "assert[s] all arguments raised by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny [Bryan Israel P. R.'s] habeas petition." *Id.*

Because nothing distinguishes Bryan Israel P. R.'s case from those the Court has previously decided, and because the Government has not presented a warrant that would justify Bryan Israel P. R.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Bryan Israel P. R. is entitled to immediate release from custody. *See Joaquin Q. L.*, 2026

WL 161333, at *2–3; *see also Ahmed M. v. Bondi et al.*, 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). The Court therefore grants Bryan Israel P. R.'s petition.

That does not conclude the matter, however. On February 11, 2026, Bryan Israel P. R. filed a notice informing the Court that he was moved to ICE's Camp East Montana facility in El Paso, Texas. ECF No. 6 ¶ 3. This comports with information gathered by the Court in an effort to assure itself of its jurisdiction over Bryan Israel P. R.'s petition. Prior to entering the order to show cause, in which the Court granted Bryan Israel P. R.'s motion for a TRO, the Court searched for Bryan Israel P. R. in the ICE Detainee Locator, which showed that as of 11:26 a.m. on February 8, 2026—the day Bryan Israel P. R. filed his petition—he was in ICE custody at an undisclosed location. *See* Ex. 1. At 7:47 p.m. that evening—more than seven hours after the Court granted the TRO—a search for Bryan Israel P. R. showed no results. *See* Ex. 2. But at 8:57 p.m. that evening, the ICE Detainee Locator showed that Bryan Israel P. R. was in ICE custody at the Camp East Montana facility. *See* Ex. 3.

Counsel for Bryan Israel P. R. states that upon learning that Bryan Israel P. R. had been transferred to the Camp East Montana facility, he promptly notified the United States Department of Homeland Security ("DHS") on February 9, 2026, that they were in violation of the Court's order. ECF No. 6 ¶ 4. He again contacted DHS on February 10 and "asked for an estimate for when DHS would return Bryan [Israel P. R.] to Minnesota." *Id.* ¶ 5. As of the time Byran Israel P. R.'s notice was filed, DHS had not notified his counsel of when Bryan Israel P. R. would be returned, *id.* ¶ 6, and the ICE Detainee Locator

showed that Bryan Israel P. R. was still detained at the Camp East Montana facility, ECF No. 6-1 at 1.

The directives in the Court's February 8 order were clear: the Government was not to move Bryan Israel P. R. outside this District while his petition remained pending. *See* ECF No. 4 at 4. In fact, the Court protected against the possibility that Bryan Israel P. R. may be moved and, if so, ordered the Government to "return him immediately to Minnesota." *Id.* Yet, to the best of the Court's knowledge, and despite the fact that three days have passed since Bryan Israel P. R. was moved to Texas, the Government has failed to return Bryan Israel P. R. to Minnesota. *See* ECF No. 6-1 at 1. Based on the information in the record, the Government is in violation of the Court's order, which became effective "when filed and docketed." *Georcely v. Ashcroft*, 375 F.3d 45, 48 (1st Cir. 2004).

Accordingly, in addition to granting the relief Bryan Israel P. R. requests in his petition, the Court orders the Government immediately to return him to Minnesota. The Court further orders the Government to file a status update by no later than Tuesday, February 17, 2026, detailing its efforts to comply with this Order and explaining why the Court's February 8 order went unheeded, including identifying those responsible for transporting Bryan Israel P. R. to Texas on Sunday, February 8, 2026, in violation of the Court's order and those responsible for failing to return him promptly to Minnesota in violation of the Court's order.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Bryan Israel P. R.'s Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Government is **ORDERED** immediately to return Bryan Israel P. R. to Minnesota by no later than **8:00 p.m. on Friday, February 13, 2026**;

    b. After he is returned to Minnesota, the Government is **ORDERED** immediately to release Bryan Israel P. R. from custody in Minnesota under the same conditions as he was previously released pursuant to any order of supervision; and

    c. The Government is **ORDERED** to return any property belonging to Bryan Israel P. R. that the Government seized in connection with his arrest and detention; and

2. The Government is **ORDERED** to file a status report by no later than **5:00 p.m. on Tuesday, February 17, 2026**, which must:

    a. Certify the Government's compliance with this Order or, if the Government has not complied, explain the Government's efforts to comply with this Order;

b. Identify those responsible for transporting Bryan Israel P. R. to Texas in violation of the Court's order entered on February 8, 2026 (ECF No. 4); and

c. Identify those responsible for failing to return him promptly to Minnesota in violation of the Court's order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 11, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge